IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDOLPH ELLIS and DEBRA ELLIS, husband and wife, | )<br>)<br>) Case No. _____<br>) |
| Plaintiffs, | )<br>) COMPLAINT AND |
| vs. | ) DEMAND FOR JURY TRIAL<br>) |
| MACHINERYLINK, INC., a Delaware Corporation, | )<br>)<br>) |
| Defendant. | )<br>) |

PLAINTIFFS RANDOLPH ELLIS (hereinafter "RANDY") and DEBRA ELLIS (hereinafter "DEBRA") for their claims against DEFENDANT MACHINERYLINK, INC. (hereinafter "MACHINERYLINK") state and allege as follows:

**PARTIES – JURISDICTION – VENUE**

1. At all times relevant, PLAINTIFFS RANDY and DEBRA have been citizens of Valentine, Cherry County, Nebraska.

2. At all times relevant, DEFENDANT MACHINERYLINK has been a commercial motor carrier incorporated under the laws of Delaware with its principal place of business located at 1600 Genessee St., #700, Kansas City, Missouri, 64102.

3. At all times relevant, MACHINERYLINK did business across, and has had significant contacts with, the state of Nebraska and other states.

4. MACHINERYLINK annually purchases heavy farming equipment, including combines, from Nebraska implement dealers.

5. When purchasing heavy farm equipment from Nebraska implement dealers, MACHINERYLINK picks up said equipment from said dealers using tractor trucks and trailers bearing MACHINERYLINK's logo, address, and United States Department of Transportation registration number.

6. MACHINERYLINK leases combines and other heavy farming equipment to numerous farmers across Nebraska every year.

1

7. As part of the leasing agreement with Nebraska farmers, MACHINERYLINK delivers and retrieves the heavy equipment from the farms using tractor trucks and trailers bearing MACHINERYLINK's logo, address, and United States Department of Transportation registration number.

8. MACHINERYLINK owns or leases real property in Nebraska to use as in its business operations.

9. MACHINERYLINK retains a registered agent in the state of Nebraska for purposes of service of process, and may be served at the address of such registered agent at Business Filings Incorporated, 6003 Old Cheney Road, Suite 300, Lincoln, Nebraska 68516.

10. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C §1332, in that this litigation involves citizens of different states and involves a controversy in excess of $75,000, inclusive of interest and costs.

11. Venue is proper in the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §§ 1391(b)(1), (c)(2), in that MACHINERYLINK is an entity with the capacity to sue and be sued in its common name, and is subject to this Court's personal jurisdiction, with respect to the matter.

## FACTUAL ALLEGATIONS

12. At approximately 2:21 p.m. on September 20, 2011, RANDY was operating a tractor truck with a trailer, hauling sand to Phillipsburg, Kansas.

13. While driving westbound on US-36, RANDY was stopped at a railroad crossing at or near milepost 324.8, approximately 0.2 miles west of KS-63 and approximately 1 mile east of Seneca, Kansas, as a train crossed the highway.

14. While RANDY was stopped waiting for the train to pass, William Meskimen (hereinafter "Meskimen") was operating a tractor truck on westbound US-36 just east of Seneca, Kansas.

15. At all times relevant, Meskimen was operating the tractor truck with trailer in the course and scope of a lease agreement with MACHINERYLINK in which MACHINERLINK leased Meskimen's tractor and paid Meskimen for the purpose of delivering heavy farming equipment throughout, and retrieving the same from, the various states.

16. At all times relevant, Meskimen's tractor bore a MACHINERYLINK placard.

17. At all times relevant, Meskimen was driving exclusively for MACHINERYLINK, a commercial motor carrier.

18. At all times relevant, MACHINERYLINK had the right to control and did control various aspects of the manner in which Meskimen transported MACHINERYLINK cargo, including but not limited to routes and timing.

19. At all times relevant, Meskimen was performing work within the regular business of MACHINERYLINK and was doing so with at least the partial intention of furthering MACHINERYLINK's interests.

20. Meskimen failed to slow down as he approached RANDY's stopped truck and crashed the tractor trailer truck he was operating into the rear end of RANDY's truck at a high rate of speed.

21. As a result of Meskimen colliding MACHINERYLINK's truck into RANDY's truck, RANDY has experienced severe pain and injuries, including but not limited to:
    a. Tightening and soreness in his neck, shoulders, shoulder blades, and thoracic spine;
    b. Headaches, lasting 30-60 minutes, on nearly a daily basis, causing nausea and vomiting; and
    c. Pain when moving his right arm.

22. As a result of Meskimen colliding MACHINERYLINK's truck into RANDY's truck, RANDY has required numerous treatment to his cervical spine, including:
    a. Regular chiropractic care;
    b. Cervical transforaminal steroid injections; and
    c. An anterior cervical fusion at C5-C6.

23. RANDY continues to seek treatment for his neck, shoulder, and thoracic spine pain, and may be at risk for the need of further fusions at levels adjacent to the C5-C6 level.

24. RANDY suffers permanent injuries and impairment as a result of this collision.

25. As a result of the collision, RANDY was forced stop working in his job as an over-the-road trucker from the date of the collision until June 2012.

26. Although RANDY was able to return to work in June 2012, there are aspects of his job, including but not limited to tire changes, that he was able to do prior to the collision of September 20, 2011, that he is no longer able to do because of his pain resulting from the

collision, and must instead hire others to do for him, costing RANDY out of pocket expenses.

27. As a result of the collision, RANDY is no longer able to haul certain types of loads, including cattle and hazardous materials, which he hauled regularly prior to the collision.

28. As a result of the collision, and the lost income that it caused, RANDY was forced to take out loans to pay for various personal and work-related expenses, resulting in principal and interest obligations.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE – RESPONDEAT SUPERIOR

29. Plaintiffs RANDY and DEBRA incorporate paragraphs 1-28 by reference.

30. Meskimen was negligent in one or more of the following ways:
    a. Failing to stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of a railroad grade crossing when a clearly visible electric or mechanical signal device gave warning of the immediate approach of a railroad train, and only proceed when he could do so safely, in violation of KAN. STAT. ANN. § 8-1551(a)(1);
    b. Failing to stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of a railroad grade crossing when a crossing gate is lowered, and only proceed when he could do so safely, in violation of KAN. STAT. ANN. § 8-1551(a)(2);
    c. Failing to stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of a railroad grade crossing when an approaching railroad train is plainly visible and is in hazardous proximity to such crossing, in violation of KAN. STAT. ANN. § 8-1551(a)(4);
    d. Failing to maintain proper control over his vehicle;
    e. Failing to maintain a proper lookout;
    f. Failing to use reasonable care under the circumstances;
    g. Failing to obey the rules of the road;
    h. Driving faster than is reasonable and prudent under the circumstances;
    i. Following another vehicle too closely in violation of KAN. STAT. ANN. § 8-1523; and

j. In other ways to be shown according to proof at trial.

31. The aforementioned particulars of Meskimen's negligence were a direct and proximate cause of the collision and injuries to RANDY.

32. RANDY had a right to believe that Meskimen would use reasonable care and would obey the rules of the road.

33. Meskimen's negligence is imputed on MACHINERYLINK as Meskimen was working in the course and scope of his authority as an agent of MACHINERYLINK at the time of the collision.

## SECOND CLAIM FOR RELIEF
## LOSS OF CONSORTIUM

34. PLAINTIFFS RANDY and DEBRA incorporate paragraphs 1-33 by reference.

35. DEBRA is the wife of RANDY and was married to RANDY at all times relevant to this action.

36. As a direct and proximate result of RANDY's injuries, DEBRA has been deprived of RANDY's comfort, society, services and consortium and has had to provide assistance to RANDY.

## DAMAGES

37. As a direct and proximate result of the negligence of Meskimen, and therefore the negligence of MACHINERYLINK, which caused the collision, RANDY has suffered serious and permanent injuries and damages including:

   a. Past medical expenses to date in excess of $59,904.48;
   b. Future medical expenses in an amount to be determined at trial;
   c. Past lost income to date in excess of $98,892;
   d. Future lost income, and diminished earning capacity, in an amount to be determined at trial;
   e. Out-of-pocket expenses, past and future, including but not limited to interest on loans, incurred as a result of his injuries in excess of $23,530.55;
   f. Loss of use of property and cost of repair or replacement of property;
   g. Disability, past and future;
   h. Physical pain and mental suffering, past and future;
   i. Inconvenience, past and future; and

j.  Loss of enjoyment of life, past and future.

38. As a direct and proximate result of the negligence of Meskimen, and therefore the negligence of MACHINERYLINK, which caused the collision, DEBRA has suffered damages including:

a.  Loss of RANDY's comfort, society, services, and consortium; and

b.  The value of assistance she has had to provide to RANDY as a result of his injuries.

## JURY DEMAND AND REQUEST FOR PLACE OF TRIAL

39. PLAINTIFFS RANDY and DEBRA demand trial by a jury comprised of 12 of their peers, and request that said jury trial take place in Omaha.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS RANDY and DEBRA pray for damages against the defendants for all general and special damages as outlined above, for costs of this action, and for any other such relief as allowed by law.

Dated this _30th_ day of August, 2013.

RANDOLPH ELLIS and DEBRA ELLIS, Plaintiffs

By_/s/ Robert G. Pahlke_____
Robert G. Pahlke, NSBA# 13201
Kyle J. Long, NSBA# 22683
Robert O. Hippe, NSBA# 11857
Joshua P. Wunderlich, NSBA# 24769
THE ROBERT PAHLKE LAW GROUP
2425 Circle Drive, Suite 200
Scottsbluff, Nebraska 69363-1224
Telephone (308) 633-4444

and

Warren R. Arganbright, NSBA# 10117
Arganbright Law Office
PO Box 67
Valentine, Nebraska 69201
Telephone (402) 376-2088